STATE OF WEST VIRGINIA

*In re*: B.P. and O.P.

No. 17-0334 (Harrison County 16-JA-3-3 & 16-JA-4-3)

FILED

October 23, 2017

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.P., by counsel Jenna Robey, appeals the Circuit Court of Harrison County's March 16, 2017, order terminating his parental rights to B.P. and O.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Julie N. Garvin, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his improvement period and parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2016, the DHHR filed an abuse and neglect petition against the parents that alleged that O.P. tested positive for amphetamine and methamphetamines at birth and that the parents neglected the children by virtue of their substance abuse. The petition further alleged that the parents abandoned O.P. at the hospital while the child was treated for withdrawal. The DHHR later filed an amended petition to include additional allegations against petitioner, including abandonment, among other allegations.

In July of 2016, the circuit court held an adjudicatory hearing, during which petitioner stipulated to abusing and neglecting the children by his significant absence from their lives and failing to properly provide for their needs. The circuit court then granted petitioner a post-adjudicatory improvement period. In November of 2016, the DHHR filed a motion to revoke petitioner's improvement period upon allegations that he failed to participate in parenting and adult life skills education, submit to drug screens, visit the children, or maintain contact with the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

DHHR. The following month, the circuit court held a hearing on this motion. Petitioner failed to attend but was represented by counsel. During the hearing, the DHHR presented testimony from multiple service providers to establish petitioner's noncompliance with services. Ultimately, the circuit court granted the DHHR's motion to revoke petitioner's improvement period.

In January of 2017, the circuit court held a dispositional hearing, during which petitioner requested time to enter inpatient substance abuse treatment. The circuit court granted this request, and the DHHR later secured petitioner entry into such a program. However, petitioner failed to report for treatment. The following month, petitioner was incarcerated on unrelated criminal charges. In March of 2017, petitioner appeared for a dispositional hearing. Initially, petitioner indicated his desire to voluntarily relinquish his parental rights to the children. However, the matter eventually proceeded to a contested disposition where the circuit court heard evidence from a DHHR worker and petitioner. Petitioner admitted that he failed to attend inpatient substance abuse treatment, despite the DHHR offering the service, and that he only visited his children once in the year since the proceedings began. Petitioner further admitted to submitting to only one parenting class. Based upon this evidence, the circuit court found that petitioner made no progress toward remedying the conditions of abuse and neglect and terminated his parental rights to the children.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record

---

[2]Petitioners' parental rights to the children were terminated during the proceedings below, with the exception of E.P., who was born after the entry of the order on appeal and subsequently added to the proceedings. According to the parties, the mother is currently proceeding on an improvement period. The parties further state that B.P. and O.P. are currently placed in a foster home, while E.P. is placed in a separate foster home pending a move to her paternal grandparents' home. The parties state that the permanency plan is reunification with the mother pending successful completion of her improvement period. The concurrent permanency plan is adoption, potentially by the paternal grandparents upon approval by the multidisciplinary team. Because E.P. was not addressed in the order on appeal and the proceedings concerning that child were not initiated until after petitioner filed his notice of appeal with this Court, the child is not at issue in this memorandum decision.

viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court declines to address petitioner's arguments on appeal.

In his brief in support of his appeal, petitioner provides no citation to any supporting authority.[3] Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the *points of* fact and *law presented, the standard of review applicable, and citing the authorities relied on* . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief in regard to his assignment of error is inadequate as it fails to comply with West Virginia Rule of Appellate Procedure 10(c)(7) and our December 10, 2012, administrative order. According, the Court will not address the assignment of error on appeal.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 16, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: October 23, 2017

---

[3]The only portion of petitioner's brief that even attempts to cite authority is one sentence as follows: "The facts in these cases *In re K.W.* (W.Va., 2017) and *In re M.M.* (W.Va., 2014) both state that the after born child was added to the ongoing abuse and neglect matter by an Amended Petition and that the rights of the Respondent mothers were subsequently terminated." This passing reference to what appears to be the names of decisions and the years they were issued does not constitute a citation to controlling authority because it is unclear what cases petitioner is attempting to cite. If these cases are opinions, the attempted citations lack reference to the reporters wherein the cases may be located. If these cases are memorandum decisions, the attempted citations similarly lack the specificity needed to locate them, as set forth in Rule 21(e) of the Rules of Appellate Procedure. Accordingly, the Court will not construe these references as proper citations because they lack any amount of specificity necessary for locating said decisions.

3

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker